Mstislaw **KUZNIAK** and Elisabeth Kuzniak, Plaintiffs-Appellants,

v.

**TAYLOR SUPPLY COMPANY** and Rental Transportation Company, Defendants-Appellees.

No. 72–1215.

United States Court of Appeals, Sixth Circuit.

Dec. 8, 1972.

Richard H. Scholl, Davidson, Gotshall, Kohl, Nelson, Secrest, Wardle & Lynch, Detroit, Mich., for plaintiffs-appellants.

J. P. O'Leary, Plunkett, Cooney, Rutt & Peacock, Detroit, Mich., Leonard E. Nagi, Plunkett, Cooney, Rutt & Peacock, Detroit, Mich., of counsel, for defendants-appellees.

Before WEICK, EDWARDS and MILLER, Circuit Judges.

PER CURIAM.

Plaintiffs, Mstislaw Kuzniak and wife, Elisabeth Kuzniak, are Austrian nationals, but reside in the State of Michigan. On April 18, 1969, plaintiff Mstislaw Kuzniak, was a pedestrian in the city of Detroit when he was struck by a Chevrolet station wagon owned by Rental Transportation Company and leased to Taylor Supply Company. He sustained severe personal injuries. A vehicle owned by Taylor Supply's co-defendant, Home Owners Aluminum Products Company, Inc., while being driven north on Bellevue Avenue in Detroit, ran through a stop sign and collided with the Taylor Supply vehicle. After this initial impact the Taylor Supply vehicle struck Kuzniak.

Plaintiffs instituted the present action in the court below on diversity grounds against both Home Owners Aluminum Products Company, Inc. and Taylor Supply Company. Kuzniak's claim was for personal injuries and expenses and his wife's claim was for loss of services and consortium. Before trial plaintiffs' claim against Home Owners Aluminum Products Company, Inc. was settled for the sum of $90,000.00. The action proceeded to trial against Taylor Supply Company and resulted in a jury verdict in favor of the defendant.

The trial was a protracted one and on appeal the plaintiffs assert thirteen alleged errors on the part of the trial court. Four of these pertain in one way or another to the plaintiffs' citizenship. The court ruled on voir dire that the plaintiffs would not be permitted to question potential jurors concerning any possible prejudice they may entertain against Austrian nationals, mainly because of Austria's alignment with Germany in World War II. This ruling is assigned as error and we think the assignment is well taken. It is true that a trial judge is permitted considerable latitude with respect to the nature, scope and extent of voir dire examinations. Yet, we are unable to find any plausible reason why in the context of the present case the plaintiffs should not have been permitted to question prospective members of the jury to determine whether they entertained any feeling of prejudice against the plaintiffs because of their nationality. In our view, this ruling of the court was clearly prejudicial to the plaintiffs. The adverse effect of the ruling was not removed by the court's general questioning of the jurors as to whether they knew of any reason why they could not give the plaintiffs a fair trial.

The error was only compounded when the court permitted defense counsel to cross-examine Kuzniak as to whether the plaintiffs had any intention of returning to Austria, or whether they planned to become American citizens. The error became even more aggravated when Kuzniak was not permitted on re-direct examination to show that he had misunderstood defense counsel's question as to nationality and that he did in fact intend to become a citizen of the United States.[1]

Counsel for defendant in his closing argument to the jury made a statement to the effect that the plaintiffs had already been adequately compensated by the settlement which Kuzniak had made prior to trial with Home Owners Aluminum Products Company, Inc., although the amount of the settlement was not stated. In our opinion, this statement was irrelevant, improper and highly prejudicial. It could hardly be said that the effect of the prejudice was removed by the court's simple statement, after an objection was made, that it would "ask the jury to completely disregard it."

---

1. Plaintiffs requested that a special instruction be given to the jury to the effect that their nationality was irrelevant in the present action. In view of the prior rulings of the court on the question of plaintiffs' nationality, it would appear that this curative instruction might well have been given, although it cannot be said with any degree of certainty that it would have eliminated the prejudice to the plaintiffs which had already occurred.

We have carefully considered the other rulings of the district court assigned as error by the plaintiffs. We find, however, that these rulings were not incorrect or improper under Michigan law.[2]

The judgment of the district court denying the appellants' motion for a new trial is therefore reversed and the action is remanded to that court for further proceedings not inconsistent with this opinion.

2. It is not entirely clear from the record whether the court permitted plaintiffs the opportunity to qualify the witness Rachow as an expert on the question of causation. On remand, in the event of a second trial, the plaintiffs should be allowed to present whatever testimony they may have bearing upon the qualifications of this witness to testify as an expert on this question. Whether he does so qualify, of course, is a matter which addresses itself to the sound discretion of the trial judge.